IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RHONDA WETZEL, etc., et al., | Case No. 8:05CV613 |
| Plaintiffs, | |
| vs | **MEMORANDUM AND ORDER** |
| DOUGLAS COUNTY HOUSING AUTHORITY, JOAN BERTOLINI, and DEANNA CALLAHAN, | |
| Defendants. | |

This case is brought on the basis that the defendants are denying the plaintiffs' due process of law because the defendants are terminating their housing assistance. In particular, the plaintiffs claim (1) the defendants, a state housing agency receiving federal funds, violated governing regulations by not granting them an informal hearing; and (2) the hearing officer assigned to this matter was a subordinate of the decision-maker and thus ineligible to serve as a hearing officer under the regulations issued by the defendants. The plaintiffs seek a temporary restraining order, and I shall grant such an order. Briefly, my reasons for this decision are set forth below.

*Subject Matter Jurisdiction*

While section 1983 does not itself create any substantive rights, it grants an avenue of relief to a plaintiff who has been deprived of an existing constitutional or federal statutory right by a person acting under color of state law. The Supreme Court has held that welfare benefits "are a matter of statutory entitlement for persons qualified to receive them. Their termination involves state action that adjudicates important rights." Goldberg v. Kelly, 397 U.S. 254, 261-62 (1970). The Goldberg court established due process requirements for termination of public assistance, and this standard has been applied to Section 8 programs. Basham v. Freda, 805 F. Supp. 930 (M.D. Fla. 1992) (citing Goldberg v. Kelly, 397 U.S. 254,

267-71 (1970) (due process requires adequate hearing before termination of welfare benefits)).

I, therefore, conclude that I have subject matter jurisdiction.[1]  See Kelly v. Topeka Housing Auth., 2004 WL 2378839 at *2-3 (D. Kansas Oct. 13, 2004) (action against local housing authority; stating that § 1983 claim may be based on a deprivation of the federal right to fair housing under the Federal Housing Act; plaintiff's property interest in continued Section 8 benefits is the type of interest given the constitutional protection of procedural due process); Colvin v. Housing Auth. of City of Sarasota, 71 F.3d 864 (11th Cir. 1996) (appeal from federal court action challenging termination of Section 8 assistance as violating procedural due process rights under 14th Amendment and federal statutory and regulatory law); Clark v. Alexander, 85 F.3d 146 (4th Cir. 1996) (action against local housing authority under § 1983 for terminating Section 8 housing benefits; "The Supreme Court has held that violations of federal housing laws by state agencies implementing these laws are actionable under section 1983 by Section 8 participants."); Litsey v. Housing Auth. of Bardstown, 1999 WL 33604017 (W.D. Kentucky Apr. 1, 1999) (suit under § 1983 against local housing authority alleging violation of due process when terminating benefits; stating that filing suit under § 1983 is appropriate vehicle to challenge actions under Housing Act of 1937 and its implementing regulations.)

### *Basis for Temporary Restraining Order*

The factors to be weighed in deciding whether to grant or deny preliminary injunctive relief, which I also apply to motions for temporary restraining orders, are:

---

[1] This conclusion, of course, does not mean that the plaintiffs could not have brought their claims in state court.  To be frank, this case belongs in state court.  I hope the Creighton Legal Clinic reconsiders in the future whether to file these types of cases in federal court.  While I am not overworked, every moment I spend on eviction cases is a moment I cannot spend dealing with one of the heaviest criminal dockets in the nation, particularly now that our Court is one judge short.

> (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

The claim that the plaintiffs were denied a hearing is weak. The facts showed that the plaintiffs were granted a hearing, but failed to appear and did not call to reschedule the hearing until shortly after the scheduled hearing time. While the plaintiffs have a good excuse (the serious illness of a relative), the plaintiffs were given a hearing and they failed to show for the hearing or seek a postponement prior to the hearing time. Under these circumstances, their claim that they were denied due process for lack of a hearing is not very strong.

However, the hearing officer who was assigned to hear the matter was a subordinate of the decision-maker. After the plaintiffs failed to appear, the hearing officer wrote a letter noting that fact and stated: "Effective March 31, 2005 your Section 8 housing assistance will be terminated. . . . Termination is the automatic consequence for failing to appear." (Filing 9, Ex. 1, Attachment D.) This assignment and the hearing officer's subsequent letter terminating benefits appear to have violated the rules which required that the hearing must be conducted by someone who is "other than a person who made or approved the decision under review <u>or a subordinate of this person.</u>" 24 C.F.R. § 982.555(e)(4)(I). Thus, although the plaintiffs were given a hearing, they were not given an independent hearing officer and that allegedly improper hearing officer seemingly issued a decision document terminating the plaintiffs' benefits as a result of their failure to appear. At this early stage of this suit, I am persuaded that the plaintiffs' due process rights may well have been violated by the failure to appoint an independent hearing officer, particularly given the fact that

the hearing officer wrote a decision document terminating benefits that was based upon a fact relating to the hearing, to wit: the plaintiffs' nonappearance at the hearing.

With the foregoing in mind, and recognizing that the eviction process has begun and the plaintiffs have no money or place to move, all the factors for granting temporary relief weigh in favor of the plaintiffs. I shall grant the plaintiffs relief.

IT IS ORDERED that the defendants shall continue to pay the housing assistance (including any late fees or other reasonable costs associated with defendants' failure to pay the assistance on a timely basis) otherwise due the plaintiffs or their landlord until the defendants have afforded the plaintiffs a hearing and a hearing officer that complies with the rules. No security or bond is required under Federal Rule of Civil Procedure 65(c). The motion for temporary restraining order (filing 7) is granted as provided herein, but otherwise denied. This restraining order shall expire within the time provided by Federal Rule of Civil Procedure 65(b) unless extended as provided by that Rule. Kyla Luebbert and Oliver Glass are permitted to appear as law students subject to the provisions of this court's local rules.

April 21, 2005.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge